IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-329-FL

**Elizabeth Loboa**, et al,

    Plaintiff,

v.

**Women's Health Alliance, P.A.,** et al,

    Defendant.

**Order**

    Plaintiffs Elizabeth Loboa and M. Todd Ridgeway request that the court place an exhibit accompanying their Motion for Leave to Submit Additional Materials under seal because this document contains testimony that has already been deemed confidential pursuant to the Consent Protective Order in this case. Pl.'s Mot. to Seal, D.E. 72 at 1–2. Loboa and Ridgeway filed their motion to seal on June 26, 2019. The motion to seal has been present on the public docket since that time and no member of the public has opposed the motion. Defendants consent to the motion to seal.

    Defendant Women's Health Alliance, P.A. requests that the court place its Response to Plaintiffs' Motion for Leave to Submit Additional Materials under seal because these documents contain deposition testimony that has already been deemed confidential pursuant to the Consent Protective Order in this case. Def.'s Mot. to Seal, D.E. 74 at 1–2. Women's Health Alliance filed its motion to seal on June 27, 2019. The motions to seal have been present on the public docket since those dates and no member of the public has opposed them. Plaintiffs consent to both motions to seal.

    After considering the motions to seal and all related filings, the court is of the opinion that these two motions to seal should be granted because all of the factors set out in *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) are satisfied with respect to each motion. The parties have demonstrated that the documents subject to the motions to seal contain or refer to deposition testimony that has been deemed confidential by the Consent Protective Order. Based upon this showing, the court finds that both the First Amendment and common law presumption of access has been overcome. Additionally, although the public has had notice of the request to seal and a reasonable opportunity to oppose the motion, no objections have been filed. Finally, the court has considered less dramatic alternatives to sealing and finds that they would be inadequate because the Consent Protective Order would not protect the sensitive information contained in the deposition testimony if these documents are not sealed.

    Therefore, the motions to seal shall be granted. The court orders that the Clerk of Court shall permanently sealed the documents at issue.

Dated: July 11, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge