IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-329-FL

| ELIZABETH LOBOA and M. TODD RIDGEWAY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| WOMEN'S HEALTH ALLIANCE, P.A. f/k/a Atrium Obstetrics & Gynecology, P.A. d/b/a Atrium Obstetrics & Gynecology, UWH OF NORTH CAROLINA, LLP, ZOE BEATTY, M.D., a/k/a Zoe Pietrus, and TARA SEMLER | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter comes now before the court on defendants' motion to stay the court's October 10, 2019, order compelling disclosure of statements made by defendant Zoe Beatty ("Beatty") and Tara Semler ("Semler") (DE 88), defendants' motion for extension of time to comply with the court's order compelling disclosure (DE 90), and plaintiffs' consent motion to amend the court's case management order (DE 91).[1] The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, defendants' motion to stay is denied, defendants' motion for extension of time is allowed, and plaintiffs' consent motion for extension of time is allowed.

---

[1] Also pending before the court are defendants' motions to correct their reply briefs (DE 96, 97). Both motions were made to correct citations to certain authorities. Upon consideration of the proposed amended submissions, and where plaintiffs' counsel represent they will not be filing a written response, defendants' motions to correct their reply briefs (DE 96, 97) are ALLOWED.

## BACKGROUND

This case concerns whether defendants were negligent or committed medical malpractice. During plaintiff Elizabeth Loboa's ("Loboa") routine gynecological appointment on September 29, 2015, defendant Dr. Zoe Beatty ("Beatty") applied a solution to plaintiff Loboa that defendant Tara Semler ("Semler"), a medical assistant, handed to her. It is alleged that, as part of the procedure, defendant Beatty should have applied a solution with an acid concentration of 3–5%, but instead used a solution with an acid concentration of around 80%.

Shortly after the incident, Ruth White ("White"), defendant Women's Health Alliance, P.A.'s ("Atrium") office manager, asked both defendants Beatty and Semler to prepare written statements about the incident. Plaintiffs filed motions to compel production of the statements. Defendants refused to produce the statements or answer questions regarding the contents of the statements at deposition, filing a protective order and invoking the work product doctrine. Upon full consideration of deposition testimony and other evidence shedding light on the creation of the statements, the court determined that defendants failed to establish that the statements were prepared in anticipation of litigation, rather than in the ordinary course of business. In pertinent part, the court ordered that defendants produce the statements by October 24, 2019, denied defendants' request for protective order to avoid deposition questions on the written statements, and allowed plaintiffs' request for additional deposition time.

In response to the court's order, defendants jointly filed the instant motion to stay the court's ruling. Defendants intend to petition the United States Court of Appeals for the Fourth Circuit for writ of mandamus and ask this court to stay its ruling until the Fourth Circuit rules on the petition. In conjunction with the motion to stay, defendants jointly filed a motion for

extension of time to respond to the court's October 10, 2019, order, asking for five days from the date the court disposes of the motion to stay to comply.

Where the deadline for fact discovery had elapsed when the court entered its order on October 10, 2019, the court directed the parties to jointly propose amendments to the case management order. Plaintiffs filed the parties' proposed amendments to the court's case management order in its consent motion dated October 17, 2019.

## DISCUSSION

A.     Defendants' Motion to Stay (DE 88)

1.     Standard of Review

In determining whether to grant a stay pending appeal, the court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "There is substantial overlap between these and the factors governing preliminary injunctions, . . . not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." Id. (citing Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22–24 (2008)).

2. Analysis

With respect to the first stay factor, defendants are not likely to succeed on the merits. The basis for defendants' motion for stay is an anticipated petition for mandamus to the Fourth Circuit. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. U. S. Dist. Court for N. Dist. of California, 426 U.S. 394, 402 (1976). "To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek, and carry the burden of showing that [their] right to issuance of the writ is clear and indisputable." Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 308–09 (1989) (internal citations and quotations omitted). "[E]ven if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 381 (2004).

Turning to the first element of adequate alternative means, defendants cite the United States Supreme Court's decision in Mohawk Industries v. Carpenter for the proposition that mandamus is the appropriate avenue for challenging a court's discovery order rejecting a claim of privilege. 558 U.S. 100, 111 (2009). Mohawk undermines, rather than supports, defendants' request for stay. There, the Court held that "the collateral order doctrine does not extend to disclosure orders adverse to the attorney-client privilege. Effective appellate review can be had by other means." Mohawk, 558 U.S. at 114. The Court explained that "[a]ppellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence." Id. at 109. While the court does mention

4

mandamus as an avenue for immediate relief, the import of Mohawk is that "postjudgment appeals generally suffice to protect the rights of litigants." Id. at 109, 111. Thus, defendants fail to make a "strong showing" of lack of adequate alternative means to vindicate their assertion of the work product doctrine.[2] Nken, 556 U.S. at 434.

Turning to the second requirement for writ of mandamus, defendants must show a "clear and indisputable" entitlement to the writ. Mallard, 490 U.S. at 308–09. For the reasons set forth in the court's October 10, 2019, order holding the work product doctrine inapplicable, defendants have not made the "strong showing" of likelihood of success necessary to justify stay of discovery pending appeal. Nken, 556 U.S. at 434.

Finally, defendants fail to make a strong showing that the Fourth Circuit in its discretion would determine mandamus to be appropriate under the circumstances. "The rule is firmly and universally established that mandamus cannot be used to challenge ordinary discovery orders." In re Underwriters at Lloyd's, 666 F.2d 55, 58 (4th Cir. 1981) (per curiam) (citing National Bondholders Corp. v. McClintic, 99 F.2d 595 (4th Cir. 1938)); In re Asbestos-Related Litig., 944 F.2d 900 (4th Cir. 1991) (per curiam). Addressing the propriety of issuing a writ of mandamus involving the work product doctrine, the court has explained "[n]o question of privilege is involved; the work product doctrine is grounded in policies of fairness and convenience to the parties. These policies are common to all discovery orders, and these claims demand no special consideration." Lloyd's, 666 F.2d at 57–58.

With respect to the second stay factor, defendants have not shown that irreparable harm

---

[2] Defendants suggest that a new trial is not an adequate remedy because it is unduly burdensome to the parties. However, as the Supreme Court points out in Mohawk, "[p]ermitting parties to undertake successive, piecemeal appeals . . . would unduly delay the resolution of district court litigation and needlessly burden the Courts of Appeals." 558 U.S. at 112. Thus, defendants' argument is unpersuasive.

will result.  Defendants cite cases from other circuits for the proposition that they would suffer irreparable harm if they are forced to disclose the protected statements.  See, e.g., Hernandez v. Tanninen, 604 F.3d 1095, 1099 (9th Cir. 2010) (identifying mandamus as a remedy for "particularly injurious" rulings on privilege); In re Professionals Direct Ins. Co., 578 F.3d 432, 438 (6th Cir. 2009).  The cases cited by defendants are unpersuasive.  As noted above, "[a]ppellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence."  Mohawk, 558 U.S. at 109.

With respect to the third and fourth stay factors, plaintiffs will be substantially injured by the delay.  Expert discovery in this case depends in part on fact discovery.  The statements the court has ordered disclosed provide information relevant to expert opinions to be offered in this case.  Where expert testimony is crucial in resolving the claims of medical negligence in this case, a stay of production of defendants Beatty and Semler's statements amounts to a stay of the entire case.  Plaintiffs, as well as the public, have an interest in the prompt resolution of litigation.

For the reasons stated above, defendants' motion for stay is denied.

B.  Parties' Motion for Extensions of Time (DE 90, 91)

Defendants move for an extension of time to serve defendants Beatty and Semler's statements on plaintiffs, pending resolution of the motion to stay.  For good cause shown, defendants' motion is allowed.  Defendants shall have five days from the date of this order to serve defendants Beatty and Semler's statements on plaintiffs, consistent with the instructions in the court's October 10, 2019, order.

With consent of the parties, plaintiff moved to amend the deadlines set in the court's case management order. For good cause shown, plaintiffs' consent motion is allowed. The remaining deadlines in the Case Management Order are hereby modified as follows:

1. Additional depositions addressed in the Court's October 10, 2019 order shall be completed by December 20, 2019

2. Plaintiffs' expert disclosures – January 31, 2020

3. Defendants' expert disclosures – May 1, 2020

4. Plaintiffs' rebuttal expert disclosures – May 26, 2020

5. The parties will serve objections as provided in Paragraph A.9 of the Case Management Order within 14 days of service of another party's expert report

6. Completion of expert discovery – July 31, 2020

7. Dispositive motions as provided in Rule B.3 of the Case Management Order – October 9, 2020

## CONCLUSION

Based on the foregoing, defendants' motion to stay (DE 88) is DENIED, defendants' motion for extension of time (DE 90) is ALLOWED, plaintiffs' consent motion for extension of time (DE 91) is ALLOWED, and defendants' motions to correct their reply briefs (DE 96, 97) are ALLOWED. Counsel is reminded to read this order carefully for critical deadlines and information.

SO ORDERED, this the 24th day of October, 2019.

LOUISE W. FLANAGAN
United States District Judge