IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-00329-FL

**Elizabeth Loboa & M. Todd Ridgeway**,

Plaintiffs,

v.

**Women's Health Alliance, P.A., f/k/a Atrium Obstetrics & Gynecology, P.A., d/b/a Atrium Obstetrics & Gynecology**, et al.

Defendants.

**Order**

Plaintiff Elizabeth Loboa claims she suffered a painful and disfiguring injury when, during a routine gynecological appointment, her doctor used a solution with an 80% acid concentration instead of a 3–5% concentration. Loboa and her husband M. Todd Ridgeway ("Plaintiffs") are suing her health care provider, Women's Health Alliance, P.A., f/k/a Atrium Obstetrics & Gynecology, P.A., d/b/a Atrium Obstetrics & Gynecology ("Atrium"); the doctor who treated her, Dr. Zoe Beaty; and the medical assistant involved in the incident, Tara Semler. *See generally* Compl., D.E. 1.

As part of discovery, Plaintiffs sought to depose a corporate designee from Atrium under Federal Rule of Civil Procedure 30(b)(6). Atrium chose Amy Storms, its clinical nurse manager, as its designee. Plaintiffs deposed Storms in September 2019 but allege that she was unprepared and unable to answer questions on noticed topics. Now Plaintiffs move to compel additional deposition testimony on these topics. Mot. to Compel, D.E. 113.

After careful review of Storms' deposition, the court finds that Atrium failed to fully prepare Storms on several topics. But on other topics, the court finds Storms' testimony is

adequate. Thus, the court, in its discretion, will grant Plaintiffs' Motion to Compel in part and deny it in part. The court permits Plaintiffs to re-depose an Atrium 30(b)(6) designee on the specific portions of Topics 3(a), 3(k), 6, 7, 9, 12, 13, 24, and 30 outlined in this order.

## I. Discussion

### A. Standard for Preparation of a Rule 30(b)(6) Designee

Under the Federal Rules, a party may depose a "public or private corporation, a partnership, an association, a governmental agency, or other entity[.]" Fed. R. Civ. P. 30(b)(6). The deposition notice served on an entity "must describe with reasonable particularity the matters for examination." *Id.* The named organization must then designate someone to testify on its behalf "about information known or reasonably available to the organization" on the listed topics. *Id.*

To meet Rule 30's reasonable particularity requirement, a topic must place the named organization "on adequate notice as to the area of inquiry so as to sufficiently assist in identifying the proper deponent." *Lightfoot* v. *Georgia-Pac. Wood Prod. LLC*, No. 7:16-CV-244-FL, 2017 WL 9440364, at *3 (E.D.N.C. May 1, 2017). In addition, the topics may not be overbroad or lack limitations on time or geographic scope. *Young* v. *United Parcel Serv. of Am., Inc.*, No. CIVA DKC-08–2586, 2010 WL 1346423, at *9 (D. Md. Mar. 30, 2010).

The proposed deposition topics must be "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts may limit the scope of a 30(b)(6) deposition if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

It is the organization's responsibility to adequately prepare its designee. *See Marker* v. *Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) (a corporation "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable[,] and binding answers on behalf of the corporation"). A corporate designee "must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions" and "provide [the corporation's] interpretation of documents and events." *United States* v. *Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996). The corporation must make "a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Wilson Land Corp.* v. *Smith Barney, Inc.*, 2001 WL 1745241, at *4 (E.D.N.C. Aug. 20, 2001) (quotation omitted). This preparation includes having deponents "'review prior fact witness deposition testimony as well as documents and deposition exhibits.'" *Id.* at *5 (quoting *Taylor*, 166 F.R.D. at 361).

And "[e]ven if [a] defendant in good faith thought that the [witness] would satisfy the deposition notice, it ha[s] a duty to substitute another person once the deficiency of its Rule 30(b)(6) designation [becomes] apparent during the course of the deposition." *Marker*, 125 F.R.D. at 126.

**B.    Discussion**

Plaintiffs argue that Atrium did not adequately prepare Storms to answer basic questions for Atrium on topics outlined in the Rule 30(b)(6) deposition notice. Mem. in Supp. of Mot. to Compel, D.E. 114. These topics include:

- Topic 3(a): Efforts taken by Atrium personnel to search for and locate responsive documents and materials, including those stored by electronic means, the timing and nature

3

of searches for electronically stored materials, including any ESI protocol employed for such search(es), and whether all responsive materials have been identified and all responsive non-privileged materials have been produced;

- Topic 3(f): The existence and content of additional email correspondence related to the application of 80% TCA to Loboa's vulva, beyond the limited emails produced before Ruth White's deposition;

- Topic 3(k): Atrium's reasons for denying request for admission no. 7 "as stated";

- Topic 6: The medical care and treatment of Loboa by Atrium employees or agents, including the actions of Dr. Beatty and Tara Semler on September 29 and 30, 2015, and after;

- Topic 7: The events—including the actions of Dr. Beatty and Tara Semler, the storage of 80% TCA, and Atrium's policies, procedures, and training—that caused the application of 80% TCA to Loboa's vulva;

- Topic 9: Dr. Beatty's and Tara Semler's schedules and activities on September 29, 2015, up to and including the incident described in the Complaint;

- Topic 12: Patient consent required at Atrium in September 2015 before application of 80% TCA, including the specific warnings provided;

- Topic 13: Location and use of the examination room in which 80% TCA was applied to Loboa's vulva and the colposcopy room at Atrium in September 2015, including whether colposcopy procedures were always performed in the colposcopy room and, prior to September 29, 2015, the number of colposcopy procedures performed in examination rooms and, of that number, the number in which Dr. Beatty or Tara Semler were involved;

- Topic 24: Dr. Beatty and Tara Semler's employment with Atrium, for both the time period before and after September 29, 2015, including, without limitation, with respect to discipline, counseling, or other similar action received by Dr. Beatty and/or Tara Semler;
- Topic 30: The corporate structure of Atrium in September 2015 and any changes related to the corporate structure of Atrium since September 2015, including any asset transfers, and the corporate employer(s) of Dr. Beatty and Tara Semler in September 2015 up to the present; and
- Topic 32: Any and all insurance policies that provide coverage to Atrium, along with declarations pages for such policies and the coverage amounts that Atrium believes are available to satisfy any judgment in this case, including Atrium's understanding about whether that amount is being depleted by costs of defense or otherwise.

Atrium 30(b)(6) Dep. Topics, Schedule A, Am. Notice of Rule 30(b)(6) Dep., Ex. D; Mot. to Compel ¶10.

Atrium argues that it has "complied in good faith with Rule 30(b)(6) in all respects." Mem. in Opp. of Pls. Mot. to Compel at 5. It maintains that its corporate designee need not be able to answer every single question perfectly, and that Storms was sufficiently prepared to answer questions on the topics outlined in the notice. *Id.* at 5–6. Atrium claims that Plaintiffs "mischaracterize Storms' testimony and take piecemeal sentences and phrases out of context" to argue that she did not adequately respond to their questions. *Id.* at 7.

In preparation for her deposition, Storms said she "reviewed numerous documents, spent a lot of time reviewing previous depositions and documents that had been prepared for me. Quite a few hours." Storms Dep. 14:20–23, Ex. J, D.E. 114–10. These documents included her personal deposition, the depositions of Semler, Beatty, Loboa, and former practice manager Ruth White, all

documents identified in the Notice of Deposition, and Atrium's written discovery responses. *Id.* 14:24–15:7, 11–22, 16:4–6. And to supplement her personal knowledge, Storms "read each item [on the Notice of Deposition] as listed and investigated and researched the best of what I understood them to be." *Id.* 280:25–281:6.

But it is clear from the court's review of Storms' deposition transcript that these steps did not prepare Storms to fully and completely answer questions about some of the noticed topics. On multiple topics, Storms could not articulate Atrium's positions, despite knowing in advance that these questions would be asked. Atrium had a responsibility to prepare Storms to give "complete, knowledgeable[,] and binding answers" on Atrium's behalf and it failed to do so. *Marker*, 125 F.R.D. at 126. Thus, the court finds it appropriate to allow redeposition on these topics. The court's reasoning applies to all topics below, but it specifically addresses only a few of Atrium's arguments.

### 1. Topics on which the Court Will Allow Redeposition.

Storms described general steps taken in Atrium's search for documents, but she could not answer questions about how Atrium searched email servers for responsive information. Storms Dep. 22:1–24:3, 26:11–17, 27:19–21, 30:14–22. Topic 3(a) specifically requested Atrium answer as to "the timing and nature of searches for electronically stored materials, including any ESI protocol employed for such search(es)." Thus, the court will allow redeposition on Topic 3(a) limited to the steps Atrium took to search its servers for relevant ESI.

Storms provided no answer for why Atrium denied request for admission no. 7 "as stated." *Id.* 52:3–11. The court will allow redeposition on Topic 3(k).

As to Topics 6 and 7, Storms could not identify Atrium's position on certain questions relating to the September 29 incident, including how Dr. Beatty and Semler reacted after the TCA

was applied, why Dr. Beatty told Semler a consent form was unnecessary, and whether Dr. Beatty told Semler she was going to perform a colposcopy. *Id.* 209:12–17, 209:23–210:6, 217:8–224:20, 226:23–227:12, 229:6–9, 233:18–24. Atrium argues that Storms answered these topics as adequately as possible, since because Atrium was not in the room at the time, it could not say how the events occurred. Mem. in Opp. of Pls. Mot. to Compel at 12. But a designee must provide "the corporation's 'position' on the topic," including the corporation's "interpretation of documents and events" and "subjective beliefs and opinions." *Taylor*, 166 F.R.D. at 361. "Were it otherwise, a corporation would be able to deceitfully select at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions." *Id.* So Atrium's corporate designee must testify as to Atrium's position on the events of September 29. If Atrium is unable to form a response after examining the documents and information in its possession, custody, and control, its designee should say so and be prepared to discuss the steps taken to try to obtain responsive information. Thus, Plaintiffs may re-depose Storms on Atrium's official positions on the events outlined in Topics 6 and 7.

Storms testified to what Dr. Beatty's and Semler's schedules generally would have looked like on September 29 but could not answer whether Dr. Beatty performed or Semler assisted with a colposcopy or genital wart removal before seeing Loboa on that day, or whether they had breaks. *Id.* 202:5–17, 203:15–25, 204:20–207:5. The court permits redeposition on Topic 9 about Dr. Beatty's and Semler's schedules on September 29, 2015, including scheduled patient appointments and breaks.

As for Topic 12, Storms testified about patient consent but could not describe specific warnings provided in the consent process. *Id.* 129:20–130:20, 131:10–23. Atrium argues Storms could not have testified about the specific warnings because Atrium does not have a policy or

7

written procedure listing specific warnings for TCA and instead physicians verbally tell patients the risks and warnings. Mem. in Opp. of Pls. Mot. to Compel at 14–15. Atrium also claims that it could not have asked Dr. Beatty what warnings she gave because it is not permitted to speak to her. *Id.* at 15. But Atrium has an affirmative duty to speak to the necessary individuals to adequately prepare its designee for a Rule 30(b)(6) deposition. It would not be unreasonable for Atrium to ask another physician at the practice what warnings physicians give to patients. And if Atrium's physicians do not give specific warnings, Atrium's Rule 30(b)(6) designee must be prepared to state that explicitly. Thus, the court will allow redeposition Atrium's Rule 30(b)(6) designee on the specific warnings Atrium provides in the consent process.

And while she could describe the location and use of Atrium's procedure rooms, Storms did not know Atrium's history of performing colposcopies in examination rooms, the frequency of such procedures, or the number of procedures performed by Dr. Beatty or assisted by Semler. Storms Dep. 141:7–143:2. Plaintiffs' Notice of Deposition specifically listed these topics. Atrium claims that Storms adequately responded to Topic 13 and that it could not further prepare Storms on this topic because Atrium does not keep such statistics. Mem. in Opp. of Pls. Mot. to Compel at 16. But Storms did not speak to any Atrium employees about their knowledge of whether colposcopies had ever been performed in examination rooms and if so, how often. She did not ask the physicians at the practice whether they remembered recently performing colposcopies in examination rooms. Even if Atrium does not keep official statistics, it could have attempted to uncover this information "by means reasonably available to the corporation, whether from documents, past employees, or other sources." *Wilson Land Corp.*, 2001 WL 1745241 at \*6. So the court will allow redeposition of Atrium's Rule 30(b)(6) designee on Topic 13 on Atrium's

history of performing colposcopies in examination rooms, the frequency of such procedures, and the number of such procedures performed by Dr. Beatty or assisted by Semler.

For Topic 24, Storms testified about Dr. Beatty's and Semler's employment with Atrium and Semler's counseling but provided conflicting information about whether Dr. Beatty received counseling or discipline. *Compare* Storms Dep. 143:15–144:14 (Storms said she "ha[d] no knowledge" that Dr. Beatty had ever been counseled or disciplined for the Loboa incident or in any other context) *with id.* 284:9–285:5 (Storms said that when she prepared for the deposition, in her research she "found nothing that stated about any punishment towards Dr. Beatty").

And though she spoke in detail about Atrium's corporate structure under Topic 30, she had no information about Atrium's asset transfers, a topic specifically described in Plaintiffs' Notice. *Id.* 87:1–90:15. Thus the court will permit redeposition of Atrium's Rule 30(b)(6) designee to clarify whether Atrium ever counseled or disciplined Dr. Beatty under Topic 24 and to testify as to Atrium's asset transfers under Topic 30.

What's more, Storms readily admitted that she was unprepared to answer questions on these topics and that Atrium did not help her learn the requested information. *See id.* 24:9–12 (Storms answered "No" to the question "[D]id anyone at Atrium provide information to you or educate you about email searches that were conducted in this matter?"), 89:17–90:5 (stating she was not prepared to testify about Atrium's assets transfers), 129:20–131:8 (Storms "[was] not prepared to testify on what the specific warnings are" and no one at Atrium "took any steps to educate [her] about the specific warnings . . . ."), 141:7–22 (Storms admitted she was not prepared to testify as to whether colposcopy procedures were always performed in the colposcopy room, the number of colposcopies performed in examination rooms, and the number Dr. Beatty and Semler were involved), 143:15–144:14 (admitting she "[was] not prepared to testify" about any

discipline or counseling of Dr. Beatty), 204:25–205:3 (Storms admitted she did not review Dr. Beatty's schedule for September 29 before attending the deposition), 210:7–15 (Storms admitted she did not look up whether Dr. Beatty told Semler she intended to perform a colposcopy).

"[I]t is, of course, defendant's obligation at a Rule 30(b)(6) deposition to prepare . . . whomever it designates as its corporate representative, to testify on those topics" even if that person "did not have personal knowledge." *Martin* v. *Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 9 (E.D.N.C. 2016). "The designee must be prepared to the extent that matters are reasonably available, whether from documents, present or past employees, or other sources." *Wilson* v. *Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005). And "the organization *is* expected to create a witness or witnesses with responsive knowledge." *Id.* (emphasis in original).

Atrium failed to do so here. Storms was unprepared to respond to these noticed topics, either in part or whole. It is particularly unacceptable that Storms could not answer questions on topics specifically outlined and brought to Atrium's attention in the topic descriptions in Plaintiffs' Notice of Deposition. It is Atrium's responsibility to provide Storms or another designee with information and materials that will enable her to answer questions on the noticed topics. Thus, the court finds that Plaintiffs are entitled to re-depose Atrium's Rule 30(b)(6) designee on the subjects outlined above under these topics, to the extent that Storms did not already answer them: Topics 3(a), 3(k), 6, 7, 9, 12, 13, 24, and 30. The court directs Atrium to prepare its designee so that he or she is prepared to answer questions on these topics.

## 2. Topics on which the Court Will Not Allow Re-Deposition.

But Storms did provide adequate answers to some of the referenced topics. Despite Plaintiffs contention that Storms did not know the precise steps of the search that led Atrium to its conclusion, Storms answered the question posed in Topic 3(f) by testifying that no additional email

correspondence exists. *Id.* 45:14–46:11. And Storms adequately responded to Topic 32 by testifying about Atrium's insurance policy and telling Plaintiffs that Atrium's position was that the aggregate limit of its available insurance policy did not apply to this lawsuit. *Id.* 278:7–18. Thus, the court will not allow Plaintiffs to re-depose Storms on Topics 3(f) and 32.

### 3. Fees

Federal Rule of Civil Procedure 37 allows the court to impose sanctions if "a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(i). "Producing an unprepared witness is tantamount to a failure to appear." *Taylor*, 166 F.R.D. at 363. And "inadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings." *Id.* The court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Atrium failed to adequately prepare its corporate designee on nine of 11 noticed deposition topics, some in part and some in whole. Thus, the court orders Atrium to pay the following, the reasonable attorney's fees incurred during the retaking the Rule 30(b)(6) deposition; the court reporter's fee for the resumed deposition, the cost of producing the transcript from the resumed deposition; and the costs and reasonable attorney's fees associated with travel to the resumed deposition, unless the deposition takes place in Greensboro, North Carolina.

After these costs and fees are known, the parties shall meet and confer to attempt to agree on the amount and method of payment. If, after making a good faith effort to address these issues,

they are unable to do so, they shall contact the undersigned's case manager to set up a hearing to address this aspect of the order.

**II. Conclusion**

For these reasons, the court will grant Plaintiffs' Motion to Compel in part and deny it in part. Plaintiffs may depose Atrium's Rule 30(b)(6) designee as outlined above for up to three additional hours. Atrium must ensure the Rule 30(b)(6) designee is sufficiently prepared to provide Atrium's position on the topics identified in this order. Atrium shall be responsible for the costs and fees associated outlined above. The deposition may not resume until after the court-hosted settlement conference scheduled for March 2020.

Dated: February 24, 2020

*Robert T. Numbers II*

Robert T. Numbers, II
United States Magistrate Judge