IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-329-FL

| | |
|---|---|
| ELIZABETH LOBOA and M. TODD RIDGEWAY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )         ORDER<br>) |
| WOMEN'S HEALTH ALLIANCE, P.A. f/k/a Atrium Obstetrics & Gynecology, P.A. d/b/a Atrium Obstetrics & Gynecology; UWH OF NORTH CAROLINA, LLP; ZOE BEATTY, M.D., a/k/a Zoe Pietrus; and TARA SEMLER, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter comes before the court on defendants Women's Health Alliance, P.A, UWH of North Carolina, LLP, and Tara Semler's (collectively "moving defendants") motion for an extension of time to file a Local Civil Rule 56.1(a)(2) response to plaintiffs' statement of undisputed facts in support of their motion for partial summary judgment, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).[1] (DE 306). Also before the court is moving defendants' two motions to seal. (DE 282, 309). The issues raised have been fully briefed and in this posture are ripe for ruling. For the following reasons, moving defendants' motion for extension of time and first motion to seal are granted. Moving defendants' second motion to seal is denied as moot.

---

[1] Currently pending before the court are the parties' respective motions for partial summary judgment, their motions in limine, their motions to strike certain expert testimony and reports, and plaintiffs' motion to redesignate a putative rebuttal expert witness as a case-in-chief expert witness. (DE 151, 159, 161, 163, 165, 169, 175, 177, 179, 181, 184, 186, 198, 212, 217). These motions will be resolved by separate written order.

**DISCUSSION**

A.        Motions to Seal

For good cause shown, moving defendant's first motion to seal (DE 282) is GRANTED. Their subsequently corrected motion for extension of time and supporting exhibit (DE 280) will be maintained under seal.   Having been given no reason that their memorandum in support of that motion (DE 281) should continue to be maintained under seal, the court DIRECTS the clerk to unseal that document five days from entry of this order, unless a party raises objection in filing prior to that date.   Therefore, moving defendant's later motion to seal (DE 309) is DENIED AS MOOT.   Having been given no reason that their corrected motion for extension of time (DE 306) should continue to be maintained under seal, the court DIRECTS the clerk to unseal that document five days from entry of this order, unless a party raises objection in filing prior to that date. Finally, the court notes that a public, redacted version of the now-sealed exhibit (DE 280-1) is currently lodged on the docket at DE 306-1.

B.        Motion for Extension of Time

Rule 6(b)(1)(B) guides that "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."   Here, under the unique circumstances of this case, where defendants have already asserted contrary facts in support of their motion for partial summary judgment, and where they have not unduly delayed in making the instant motion, the court, in its discretion, GRANTS the instant motion for extension of time.

The moving defendants are DIRECTED to file the sealed and the redacted versions of their proposed Local Civil Rule 56.1(a)(2) statement contesting plaintiffs' Local Civil Rule 56.1(a)(1)

statement of undisputed facts (DE 280-1, 306-1) on the docket as independent documents within five days of this order. In light of the new filing, plaintiffs are allowed to file a supplement to their reply (DE 275) and/or a Local Civil Rule 56.1(a)(3) reply statement of additional facts within 14 days of this order.

SO ORDERED, this the 13th day of December, 2021.

LOUISE W. FLANAGAN
United States District Judge

3