IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 5:18-cv-00329

| | |
|---|---|
| ELIZABETH LOBOA and M. TODD RIDGEWAY,<br><br>Plaintiffs,<br><br>v.<br><br>WOMEN'S HEALTH ALLIANCE, P.A. (formerly Atrium Obstetrics & Gynecology, P.A. and currently d/b/a Atrium Obstetrics & Gynecology), UWH OF NORTH CAROLINA, LLP, ZOE BEATTY, M.D. (a/k/a Zoe Pietrus), and TARA SEMLER,<br><br>Defendants. | **ORDER GRANTING DEFENDANTS ATRIUM OBSTETRICS & GYNECOLOGY, LLP, UWH OF NORTH CAROLINA, LLP, AND TARA SEMLER'S MOTION TO SEAL** |

This matter comes before the Court upon the Motion of Defendants Women's Health Alliance, P.A. (formerly Atrium Obstetrics & Gynecology, P.A. and currently d/b/a Atrium Obstetrics & Gynecology) ("Atrium"), UWH of North Carolina, LLP ("UWH"), and Tara Semler (collectively the "moving Defendants"), filed 23 September 2021, requesting an order allowing them to file the following documents under seal:

1. Defendant Tara Semler's Statement of Material Facts (formerly D.E. 170);

2. Defendant Tara Semler's Memorandum of Law in Support of her Motion for Partial Summary Judgment (formerly D.E. 172);

3. Excerpts from the Deposition of Dr. Zoe Beatty (May 6, 2019);

4. Excepts from the Deposition of Plaintiff Todd Ridgeway;

5. Records from Lawrence Oliver & Associates;

1

6. The moving Defendants' Memorandum of Law in Support of their Motion to Strike Plaintiffs' Expert Melanie Modjoros, M.D. (originally filed as D.E. 174 and corrected as D.E. 219);

7. Excerpts from the Deposition of Dr. Melanie Modjoros, M.D.;

8. Expert Report of Dr. Melanie Modjoros, M.D. (D.E. 174-2);

9. Errata Sheet of Dr. Melanie Modjoros, M.D.;

10. The moving Defendants' Response in Opposition to Plaintiffs' Motion to Redesignate Roger K. Pitman, M.D. as a Case-in-Chief Expert Witness (D.E. 232);

11. The moving Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment (D.E. 264);

12. The moving Defendants' Response in Opposition to Plaintiffs' Motion in Limine to Limit the Opinions of Richard Rauck, M.D. (D.E. 263); and

13. Excerpts from the Deposition of Dr. Richard Rauck, M.D.

The Court finds that good cause exists for filing these documents under seal.. Accordingly, the moving Defendants' Motion to Seal these documents is allowed.

Additionally, the Court finds that the moving Defendants no longer seek to seal the following documents, which were included in their previous motions to seal (D.E. 191, D.E. 235, and D.E. 265) that Court denied without prejudice:

1. Defendant Tara Semler's Motion for Partial Summary Judgment (D.E. 169);

2. Defendants Atrium and UWH's Motion for Partial Summary Judgment (D.E. 186);

3. Defendants Atrium and UWH's Statement of Material Facts (D.E. 187), and their Memorandum of Law in Support of their Motion for Partial Summary Judgment (filed as D.E. 190);

4. The moving Defendants' Motion to Strike Plaintiffs' Expert Melanie Modjoros, M.D. (D.E. 173);

5. The moving Defendants' Motion to Strike Plaintiffs' Expert John D. Banja, Ph.D. (D.E. 180) and their Memorandum of Law in Support (D.E. 181);

6. The moving Defendants' Motion to Strike Plaintiffs' Expert Nicholas Benson, M.D. (D.E. 175) [1] and their Memorandum of Law in Support (D.E. 176);

7. The moving Defendants' Motion to Strike Plaintiffs' Expert Abraham N. Morse, M.D. (D.E. 177) and their Memorandum of Law in Support (D.E. 178);

8. The moving Defendants' Motion to Strike Plaintiffs' Expert Lawrence Wolpert (D.E. 184) and their Memorandum of Law in Support (D.E. 185);

9. Deposition of William Gunter (D.E. 171-1); and

10. Deposition of Angela Swank (D.E. 171-5).

According to the moving Defendants, these documents do not reference material designated as confidential by the other parties to this action. The Court finds that good cause exists for the moving Defendants' request that the Court no longer seal these documents. Accordingly, the Court will remove the provisional seal for each of these documents (D.E. 169, D.E. 186, D.E. 187, D.E.

---

[1] The moving Defendants note that subsection (e) in one of their original motions to seal (D.E. 191) contains a typographical error. The moving Defendants mistakenly typed "Dr. Gordon Sherard" in what should read "Dr. Nicholas Benson, M.D." In short, the moving Defendants' previously filed a Partial Motion to Strike Plaintiffs' Expert. Nicholas Benson, M.D. (D.E. 175) and a Memorandum of Law in Support (D.E. 176); they did not move to strike Plaintiffs' expert Dr. Gordon Sherard, M.D.

3

190; D.E. 173, D.E. 180, D.E. 181, D.E. 175, D.E. 176, D.E. 177, D.E. 178, D.E. 184, D.E. 185, D.E. 171-1, and D.E. 171-5).

This the  4   day of  January , 2022.

                                                Louise W. Flanagan
                                                United States District Court Judge